**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MIKA LANGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-01484-RAJ<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT** |

Plaintiff Mika Lange ("Plaintiff"), individually and on behalf of all others similarly situated ("Class"), by and through their undersigned counsel of record, bring this action against Defendant Delta Air Lines, Inc. ("Defendant") and allege, upon personal knowledge as to Plaintiffs' own actions and Plaintiff's counsel's investigation, and upon information and belief as to all other matters, as follows:

## I. NATURE OF THE CASE

1. This is a class action lawsuit to remedy Defendant's business practice of illegally restricting, restraining, and prohibiting low-wage workers from engaging in lawful professions, trades, and businesses and from accepting or transacting business with customers in violation of Washington's noncompetition law. *See* ch. 49.62 RCW.

2. The Washington Legislature ("Legislature") enacted chapter 49.62 RCW,



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

effective January 1, 2020, to facilitate workforce mobility and protect low-wage workers by prohibiting restrictive covenants that limit competition or hiring. *See* RCW 49.62.005.

3. In so doing, the Legislature found that "[w]orkforce mobility is important to economic growth and development" and that "[a]greements limiting competition or hiring may be contracts of adhesion that may be unreasonable." RCW 49.62.005(1)-(2).

4. The Legislature defined a "noncompetition covenant" to include "every written or oral covenant, agreement, or contract by which an employee or independent contractor is prohibited or restrained from engaging in a lawful profession, trade, or business of any kind." RCW 49.62.010(4).

5. Effective January 1, 2020, a "an employer may not restrict, restrain, or prohibit an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed." RCW 49.62.070(1).

6. In prohibiting employers from restricting low-wage workers' ability to hold supplemental employment, the Legislature—as confirmed by the Washington Supreme Court—recognized that "many low wage workers must work multiple jobs" to earn a livable wage and "to provide for themselves and their families." *David v. Freedom Vans, LLC*, 4 Wn.3d 242, 244, 253 (2025). Recognizing this economic reality, the Legislature specifically intended to "broadly protect" these economically vulnerable workers "by allowing them to secure supplemental employment within their industry." *Id.* at 249 n.3 (citing ENGROSSED SUBSTITUTE H.B. 1450, 66th Leg., Reg. Sess. (Wash. 2019)).

7. If an employer seeks greater control over their employees by restricting the worker's freedom to hold an additional job, "they have a simple solution—pay the worker more than twice the applicable state minimum hourly wage." *Id.* at 260 (Lewis, J., concurring).

8. To better protect Washington workers from unreasonable and illegal restrictive covenants, the Legislature mandated that chapter 49.62 RCW "be construed liberally for the accomplishment of its purposes." RCW 49.62.110.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

9. In 2024, the Legislature further clarified the liberal construction mandate of chapter 49.62 RCW in response to courts "misinterpret[ing]" the statutory provisions and "fail[ing] to embrace that the statute should be liberally construed." S.B. REP. ON ENROLLED SUBSTITUTE S.B. 5935, 68th Leg., Reg. Sess. (Wash. Feb. 6, 2024) ("ESSB 5935 Bill Report"). The Legislature emphasized the importance of this liberal mandate by repeating its express requirement that courts "liberally constru[e]" the "provisions in [chapter 49.62 RCW] facilitating workforce mobility and protecting employees and independent contractors" and "narrowly constru[e]" its exceptions. RCW 49.62.005(3); SSB 5935, 68th Leg., Reg. Sess. (Wash. 2024) (effective June 6, 2024); *see also David*, 4 Wn.3d at 245, 247, 248-50 (applying liberal construction to RCW 49.62.070).

10. In the 2024 amendments, the Legislature also clarified that the prohibition on noncompetition covenants includes "agreement[s] that directly or indirectly prohibit[] the acceptance or transaction of business with a customer." RCW 49.62.010(4). The Legislature intended to clarify that an employer cannot prevent a former employee from accepting business from customers. ESSB 5935 Bill Report at 4. This amendment was, again, in direct response to "courts . . . misconstru[ing] nonacceptance of business clauses as nonsolicitation covenants." *Id.*

11. Supporters of the 2024 amendments, which clarified worker protections, highlighted the harm of noncompete clauses generally, noting that these restrictions "interfere with a person's ability to seek or accept a new job," "suppress wages[,] and allow[] large companies to control workers." ESSB 5935 Bill Report at 4.

12. In violation of chapter 49.62 RCW generally, and RCW 49.62.070 specifically, Defendant unlawfully restricted, restrained, or prohibited Plaintiffs and over 40 Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed, while paying them less than twice the applicable state minimum hourly wage.

13. Plaintiff and Class members seek declaratory and injunctive relief to address Defendant's illegal actions and statutory damages pursuant to RCW 49.62.080.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

14. Plaintiff and each Class member seek $5,000 in statutory damages.

## II. JURISDICTION AND VENUE

15. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and the parties are minimally diverse.

16. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the action was removed by Defendant to the United States District Court for the Western District of Washington, which embraces King County, the place where the action was pending.

## III. PARTIES

17. Plaintiff Mika Lange resides in King County, Washington and was employed by Defendant in Washington.

18. Defendant Delta Air Lines, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington, including at 3105 Union Square, Seattle, Washington 98100; Seattle-Tacoma International Airport, South Satellite SS-5, SeaTac, Washington 98188; and 10630 8th Street Northeast, Bellevue, Washington 98004.

19. Plaintiffs are currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sue such defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiffs are informed and believe, and thereon allege, each of the fictitiously named defendants are legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiffs and the Class.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## IV. STATEMENT OF FACTS

**Delta's Business Operations**

20. Delta is an American airline that provides passenger and cargo air transportation services globally and throughout the state of Washington.

21. Delta employs over 100,000 individuals globally, thousands of which work throughout the state of Washington.

22. Since July 3, 2022, "more than 1,100" individuals have worked for Delta in the state of Washington and earned less than twice the applicable state minimum hourly wage. Def.'s Notice of Removal ¶ 17, ECF No. 1.

23. Delta requires that all employees abide by the covenants set forth in its "Code of Ethics & Business Conduct."

24. Delta provides its Code of Ethics & Business Conduct to all employees at the outset of their employment and periodically as updated versions are published.

25. Delta's Code of Ethics & Business Conduct includes a section titled "Who Should Read and Understand this Code," which states: "All employees of Delta must read, understand, and follow this Code."

26. Delta's Code of Ethics & Business Conduct includes a section titled "Outside Employment and Affiliations," which states, in pertinent part: "Working for another airline, any other competitor, a commercial customer or supplier, or a Delta subsidiary while you are an employee of Delta is not allowed. The same rule applies to working for an organization that is seeking to become a competitor, customer, or supplier."

27. A true and correct copy of the "Who Should Read and Understand this Code" and "Outside Employment and Affiliations" covenants within Delta's Code of Ethics & Business Conduct are attached as Exhibit A.

28. Delta also requires that all employees abide by the covenants set forth in its "Employee Code of Ethics – The Way We Fly."

29. Delta provides its Employee Code of Ethics – The Way We Fly to all employees



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

at the outset of their employment and periodically as updated versions are published, and is also available on Delta's corporate website at: https://ir.delta.com/governance/default.aspx.

30. Delta's Employee Code of Ethics – The Way We Fly includes a section titled "Ethics and Compliance are Non-Negotiable," which states, in pertinent part: "**It is part of your job as a Delta employee to understand and follow The Way We Fly and speak up when you feel something isn't right.**" (emphasis in original).

31. Delta's Employee Code of Ethics – The Way We Fly includes a section titled "**OTHER EMPLOYMENT**," which states, in pertinent part: "Working (whether as an owner, employee, contractor, vendor or otherwise) for another airline, any Delta competitor, regulator, supplier or anyone seeking to be a supplier, or subsidiary is not allowed."

32. A true and correct copy of the "Ethics and Compliance are Non-Negotiable" and "Other Employment" covenants within Delta's Employee Code of Ethics –The Way We Fly are attached as Exhibit A.

33. Upon information and belief, Delta maintains additional written covenants, oral covenants, agreements, and/or contracts governing its employees ability to engage in lawful professions, trades, or businesses as well as their ability to accept or transact business with its customers.

34. The "Outside Employment and Affiliations" covenant within the Code of Ethics & Business Conduct and the "Other Employment" covenant within the Employee Code of Ethics – The Way We Fly (together, "Outside Employment Covenants") are unlawful and unreasonable noncompetition covenants that restrict, restrain, and prohibit all employees, including Plaintiff and Class members, from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

35. The Outside Employment Covenants reflect a standard business practice designed to prevent Plaintiff and Class members, i.e., low-wage workers, from having second jobs.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**Plaintiff and Class members**

36. Plaintiff and Class members are current and former Washington employees of Delta.

37. During the Class Period, Plaintiff and Class members earned less than twice the applicable state minimum hourly wage as set forth below:

| Year | Washington Min. Wage | RCW 49.62.070(1) Threshold |
|---|---|---|
| 2022 | $14.49 per hour | $28.98 per hour |
| 2023 | $15.74 per hour | $31.48 per hour |
| 2024 | $16.28 per hour | $32.56 per hour |
| 2025 | $16.66 per hour | $33.32 per hour |

*History of Washington State's Minimum Wage*, WASH. STATE DEP'T OF LAB. & INDUS., https://lni.wa.gov/workers-rights/wages/minimum-wage/history-of-washington-states-minimum-wage (last visited Aug. 25, 2025); RCW 49.62.070(1).

38. Despite earning less than twice the applicable state minimum hourly wage from Delta, Plaintiff and Class members were subject to, and required to abide by, the Outside Employment Covenants.

39. Upon information and belief, Plaintiff and Class members were subject to additional written covenants and/or oral covenants prohibiting, restraining, and restraining them from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed despite earning less than twice the applicable state minimum hourly wage from Delta.

40. Delta restricted, restrained, and prohibited Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

41. By restricting, restraining, and prohibiting Plaintiff and Class members from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed while paying them less than twice the



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

applicable state minimum hourly wage, Delta violated Plaintiff and Class members' statutory rights under chapter 49.62 RCW.

42. Plaintiff and Class members suffered economic and non-economic harm and damages, including but not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, or prohibited from having an additional job by Delta.

43. Plaintiff and Class members also suffered economic harm and damages in the form of underpaid wages as they should have been paid at least twice the applicable Washington state minimum hourly wage while being restricted, restrained, and prohibited from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

44. As a result of Delta's violations of chapter 49.62 RCW, Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs.

**Plaintiff Mika Lange**

20. Plaintiff worked as an Airline Customer Service Agent for Delta from approximately January 2018 through October 2024.

21. Throughout Plaintiff's employment with Delta, she earned approximately $22.00 per hour.

22. At no point during Plaintiff's employment did she earn more than $28.98 in 2022, more than $31.48 per hour in 2023, or more than $32.56 per hour in 2024.

23. From approximately September 2024 through Plaintiff's date of termination in October 2024, Delta placed Plaintiff on administrative leave.

24. Plaintiff was unable to seek or obtain employment in the airline industry while on administrative leave because Delta, through its policies and procedures, including those in the Outside Employment Covenants, prohibited Plaintiff from supplementing her income by working at other airlines.

25. Plaintiff suffered economic and non-economic harm and damages, including but



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

not limited to lost income opportunities, reduced bargaining power, unemployment risk, and diminished career mobility as a result of being restricted, restrained, or prohibited from having an additional job by Delta.

## V. CLASS ACTION ALLEGATIONS

45. Class Definition. Under Civil Rule 23(a) and (b)(3), Plaintiffs bring this case as a class action against Defendant on behalf of the Class defined as follows:

> All current and former employees of Delta Air Lines, Inc. who worked in Washington and earned less than twice the applicable state minimum hourly wage from July 3, 2022, through the date notice is provided to the Class.

46. Excluded from the Class are Defendant and its officers and directors.

47. Numerosity. There are potentially dozens of Washington employees who earned less than twice the applicable state minimum hourly wage and were restricted, restrained, or prohibited from having an additional job. Joinder of all such individuals is impracticable. Further, the disposition of all claims of the Class in a single action will provide substantial benefits and efficiency to all parties and to the Court.

48. Commonality. Because Class members were subject to identical or virtually identical policies and practices as Plaintiffs, this is a straightforward matter of determining whether Defendant's actions violate Washington law and, if so, assessing statutory damages.

49. Typicality. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all worked for Defendant in Washington, earned less than twice the applicable state minimum hourly wage, and were restricted, restrained, or prohibited from having an additional job.

50. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have interests that are contrary to or that conflict with those of the Class.



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

51. Predominance. Defendant has engaged in a common course of conduct of restricting, restraining, or prohibiting low-wage workers from having an additional job in violation of RCW 49.62.070. The common issues arising from Defendant's unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantage of judicial economy.

52. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendant's unlawful conduct. However, absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The members of the Class and the noncompetition covenants they were subjected to are readily identifiable through Defendant's records.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.62.070
***Claim of Relief for Plaintiffs and the Class***

53. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

54. Defendant is an "employer" as defined by RCW 49.62.010(2).

55. Plaintiff and Class members are "employees" as defined by RCW 49.62.010(2).

56. Defendant employed Plaintiff and Class members in Washington.

57. Plaintiff and Class members earned less than twice the applicable state minimum wage from Defendant.

58. Defendant restricted, restrained, or prohibited Plaintiff and Class members from



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed.

59. Defendant's actions and omissions violate RCW 49.62.070.

60. Plaintiff and Class members were aggrieved by Defendant's violation of RCW 49.62.070.

61. As a result of Defendant's actions and omissions, Plaintiffs and Class members have experienced economic and non-economic harm.

62. Plaintiffs and Class members each seek $5,000 in statutory damages, plus their costs and reasonable attorneys' fees pursuant to RCW 49.62.080.

## VII. REQUEST FOR RELIEF

63. Plaintiffs, individually and on behalf of members of the Class, request that the Court enter judgment against Defendant as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b. Statutory damages of $5,000 to Plaintiff and each Class member pursuant to RCW 49.62.080;

c. Attorneys' fees and costs pursuant to RCW 49.62.080;

d. Pre- and post-judgment interest;

e. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendant from engaging in the conduct complained of herein;

f. Declaratory relief to the effect that Defendant's anti-moonlighting policies violate Washington law;

g. Leave to amend this complaint to conform to the evidence; and

h. Any additional or further relief the Court deems equitable, appropriate, or just.

DATED August 27, 2025.

**EMERY | REDDY, PLLC**



**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

By: */s/ Timothy W. Emery*

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiffs*

# EXHIBIT A

Professionalism and Respect; Operational Excellence; Acting with Integrity and Protecting Our Assets; and the Delta Brand.

DOES THE CODE EXPLAIN ALL THE STANDARDS I NEED TO KNOW?
The Code is an important reference, but it cannot describe every law and Delta standard that applies to your work. Your obligation to conduct yourself in accordance with the Code includes your obligation to comply with The Rules of the Road, The Way We Fly, and the policies and standards provided in department-specific communications.

WHO SHOULD READ AND UNDERSTAND THIS CODE?
All employees of Delta must read, understand, and follow this Code. Outside agents and independent contractors of Delta worldwide, as well as employees of Delta subsidiaries, must do so as well when performing work for Delta. References to "you," "employees," or "we" in the Code are meant to include all members of these groups.

WHAT DOES THE CODE REQUIRE OF ME?
It is part of your job to understand and follow the Code. You also must report violations or suspected violations of these requirements. Delta will take appropriate disciplinary action, up to and including termination, against people who engage in conduct that is contrary to the Code.

Supervisors have a responsibility to help employees understand and comply with the Code by:

- Fostering an open and supportive environment where employees feel comfortable asking questions and raising concerns
- Leading by example
- Monitoring employee compliance and taking prompt action to address noncompliance

Managers must never engage in or tolerate retaliation against someone who raises a concern or makes a good faith report about an ethics and compliance issue.

If you think you may have a conflict of interest, or that others could possibly perceive an activity or relationship you are engaged in as a conflict of interest, you have a responsibility to promptly disclose this to your supervisor or contact your HR representative or the Law Department. Having an open and honest discussion about a potential conflict of interest is always the best way to make the right decision.

If you believe someone else may have an actual or potential conflict of interest, you must also promptly report this to your supervisor, HR representative, the Law Department, or to the HelpLine if permitted by local law.

Delta's policies with respect to certain areas where conflicts of interest can often arise are set out below:

### Business Opportunities

Do not take for yourself business opportunities that properly belong to Delta. Do not use corporate property, information, or your position for personal gain, and do not compete with Delta.

### Outside Employment and Affiliations

Delta does not prohibit employees from engaging in certain types of outside employment - such as part-time work - but make sure that potential conflicts are addressed. Always disclose and discuss outside employment with your supervisor or HR representative. Outside work must never interfere with or detract from your job duties or be conducted on Company time or using Company assets. Working for another airline, any other competitor, a commercial customer or supplier, or a Delta subsidiary while you are an employee of Delta is not allowed. The same rule applies to working for an organization that is seeking to become a competitor, customer, or supplier.

# EXHIBIT B




## CONFLICTS OF INTEREST

When we make decisions at work, we must make them with integrity and free from conflicts of interest—even the appearance of them. A conflict of interest may occur when our interests or activities affect our ability to make objective decisions for Delta. Conflicts of interest can undermine internal organizational trust and damage our reputation. If you think you may have a conflict of interest, or that others could possibly perceive that you have one, you must promptly disclose this to your leader and Human Resources. An open and honest discussion about a potential conflict of interest is always best. Conflicts of interest come in many forms.

**OTHER EMPLOYMENT:** Employees may have employment outside of Delta, but it must never interfere with or detract from your job duties with Delta or be conducted on Delta time or with Delta assets. Working (whether as an owner, employee, contractor, vendor or otherwise) for another airline, any Delta competitor, regulator, supplier or anyone seeking to be a supplier, or subsidiary is not allowed. You are expected to notify your leader or Human Resources of any potential conflicts.

**COMMUNITY ENGAGEMENT:** Delta encourages its employees to be active in the community, including as members of boards and advisory boards. Consult with the **Ethics and Compliance Team** for more information.